UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER LEE SJODIN,<br><br>Defendant. | No. 2:11-CR-129-LRS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER RELEASE TO WESTERN WASHINGTON, DENYING MOTION TO EXPEDITE, AND SETTING CONDITIONS OF RELEASE, EFFECTIVE 12-4-15 |

Before the Court is the Defendant's Motion to Reconsider Release to Western Washington, and Motion to Expedite, ECF No. 48.

The history of Defendant's release and detention in this case is set forth in the Court's Order denying Defendant's Motion to reconsider detention, ECF No. 39. Following the hearing on that Motion, the Court asked that Pretrial Services evaluate a specific residence in Western Washington referenced by Defendant's counsel during argument.

Subsequently, the Court has received and reviewed a Status Report from Pretrial Services, ECF No. 46, Defendant's renewed Motion for release, ECF No. 48, and the United States' Response, ECF No. 49.

The Court understands that the Western Washington residence is acceptable, that Pretrial Services in Western Washington has agreed to supervise and electronically monitor Defendant, and that the United States continues to oppose release.

ORDER - 1

Defendant is a citizen and resident of Canada who was previously released by this district on this case, on his promise to waive extradition from Canada and return for trial.  Defendant argues that he thereafter refused to waive extradition and, instead, secured counsel to oppose extradition for two years merely because (1) the instant case has a different cause number, and (2) he needed time to raise bail money.  This argument is strained.

Nevertheless, the Court is presented with a Defendant who has no criminal history, is accused of a non-violent offense, and proffers an acceptable residence within the State of Washington.  The Court finds that there are conditions of release which will reasonably assure Defendant's appearance for further proceedings, and the safety of the community.  Accordingly,

**IT IS ORDERED** that Defendant's Motion **ECF No. 48, is GRANTED**, and Defendant is released subject to the following:

### STANDARD CONDITIONS OF RELEASE

**(1)** Defendant shall not commit any offense in violation of federal, state or local law.  Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement.  Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous

ORDER - 2


Case 2:11-cr-00129-LRS   Document 50   Filed 11/25/15

weapon.

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)** Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## ADDITIONAL CONDITIONS OF RELEASE

**(14)** **Except for travel to the Eastern District of Washington for court appearances,** Defendant shall remain in King County, Washington, or Spokane County, Washington, while the case is pending.  By timely motion clearly stating whether opposing counsel and Pretrial Services object to the request, Defendant may be request travel outside this geographical area.

**(15)** Avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.  Pretrial Services may, but is not required to, exempt specific named individuals from this prohibition, including, but not limited to, immediate family members or co-workers.

**(16)** Avoid all contact, direct or indirect, with known felons and or Co-Defendant(s). Pretrial Services may but is not required to exempt specific

named individuals from this prohibition, including, but not limited to, immediate family members or co-workers.

**(20)** There shall be no firearms in the home where Defendant resides.

## BOND

**(23)** Defendant shall execute a **$15,000 cash bond** with the Clerk of Court, in U.S. dollars.

**(27)** **Prohibited Substance Testing**: **If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.** Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

## HOME CONFINEMENT/ELECTRONIC/GPS MONITORING

**(28)** Defendant shall participate in one or more of the following home confinement program(s):

**Electronic Monitoring**: The Defendant shall participate in a program of electronically monitored home confinement. The Defendant shall wear, at all times, an electronic monitoring device under the supervision of U.S. Probation. In the event the Defendant does not respond to electronic monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

OR

**GPS Monitoring**: The Defendant shall participate in a program of GPS

ORDER - 4

confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

**Curfew**: Defendant shall be restricted to his/her residence every day from **7:00 p.m. to 6:00 a.m.**

**(31)** **Other**: Defendant shall be supervised by Pretrial Services in the Western District of Washington.

**(32)** **Other**: Defendant's release shall take effect **December 4, 2015**, or as soon as Pretrial Services can be available to install necessary EHM equipment upon release, whichever is later.

If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to insure that the motion is promptly determined.

DATED November 25, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 5